In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [731 NYS2d 484] —In a proceeding pursuant to CPLR article 75, *inter alia*, to confirm an arbitration award, the petitioners appeal from an order of the Supreme Court, Westchester County (Coppola, J.), dated June 5, 2000, which denied their application to hold the respondents in contempt.

Ordered that the order is affirmed, with costs.

In the wake of several well-publicized acts of sexual misconduct perpetrated by male corrections officers upon female inmates, in or about February 2000 the respondents instituted a new policy, *inter alia*, replacing male corrections officers in the housing areas of prison facilities for female inmates with female corrections officers. The petitioners moved to hold the respondents in contempt, alleging that the new policy violated the terms of a February 2, 1995, order of the Supreme Court, Westchester County (Silverman, J.), which, in effect, confirmed an arbitration award upholding the rights of corrections officers to select their assigned posts pursuant to the provisions of a 1989 collective bargaining agreement.

Contrary to the appellants' contentions, the Supreme Court correctly denied their application to hold the respondents in contempt. The 1995 order did not address the instant controversy and thus the new same-sex policy was not violative thereof (*see, Ketchum v Edwards,* 153 NY 534).

We note that the issue of the respondents' alleged contractual

right to "limit posts to a particular sex" pursuant to Article III, § 1 (D) (2) of the parties' collective bargaining agreement is not relevant to the issue of whether the challenged same-sex policy violated the 1995 court order. We thus express no opinion as to that issue.

In light of our determination, we need not reach the parties' remaining contentions. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.